[Cite as *State v. Thompson*, 2021-Ohio-664.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NOS. 2021-P-0015** |
| | | **2021-P-0016** |
| MICHAEL THOMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Court of Common Pleas, Case Nos. 2020 CR 00647 and 2018 CR 00075.

Judgment: Appeals dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael Thompson,* pro se*,* 607 W. Main Street, Apt. 4, Ravenna, OH 44266 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On February 11, 2021, appellant, pro se, filed a "Motion to Appeal." No judgment entry is attached to the pleading, and there is no specific date indicated as to which entry is being appealed.

{¶2} A review of the docket reflects that on January 4, 2021, the trial court sentenced appellant to serve an additional 60 days in jail after he entered a plea of guilty to possession of cocaine and failure to appear.

{¶3} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals states:

{¶4} "The appellant shall attach to the Notice of Appeal a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice."

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry. * * *."

{¶7} App.R. 5(A) states:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶13} In the present case, considering that appellant's "Motion to Appeal" is a Notice of Appeal, appellant does not indicate or attach a copy of the appealed entry to the notice. Additionally, if he is appealing the trial court's January 4, 2021 sentencing entry, his appeal was due by February 3, 2021, which was not a weekend or holiday.

{¶14} Appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1), nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider these appeals. Appellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A).

{¶15} Appeals dismissed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.